## NEKRITZ v. KLEIN.

(District Court, E. D. New York. January 23, 1922.)

Trade-marks and trade-names and unfair competition ⊝95(2)—Temporary injunction issued against imitation of plaintiff's label.

Defendants, who were marketing a stove polish called "stove lacquer" in a package of the same color as had been used by plaintiff for his packages of "stove lustre," and bearing a label which was strikingly similar to plaintiff's, can be temporarily enjoined from pursuing such practice, regardless of whether plaintiff's label was legally registered as a trade-mark.

In Equity. Suit by Louis Nekritz, doing business under the name of Perfect Polish Company, against Charles A. Klein, doing business under the name of Standard Polish Company. Temporary injunction issued.

Moses J. Dalinsky, of New York City, for plaintiff.
Moses S. Hirsch, of New York City, for defendant.

CHATFIELD, District Judge. The plaintiff manufactures stove polish, varnish, and paint. It puts on the market a stove polish in

---

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pint and half-pint cans, bearing a bluish paper label, with the name "Stove Lustre" and various inscriptions as to qualities and use, as well as a representation of a coal stove, oil stove, water heater, housemaid, etc.

The defendant sells on the market a polish of similar nature, with a label of like design, presenting substantially the same information, and in many instances using the same or synonymous terms. The product of the defendant is contained in a can of the same size. The printed label bears the words "Stove Lacquer" as a part of the design, which also has the representation of a coal stove, but omits the gas stove and water heater of the plaintiff. A woman of almost identical appearance with the figure upon the plaintiff's can is shown, using the polish upon the stove, and the design is palpably an imitation of the plaintiff's. The motive of this competition is shown by the price printed on the defendant's product, viz. "thirty cents," while that of the plaintiff's product is printed as "thirty-five cents."

Upon the argument it was urged that the general bluish gray color of the label used by both the plaintiff and defendant was a well-known requisite of stove polish for sale in grocery stores; but this is not substantiated, either by the allegations of the defendant's answer nor by his affidavits.

It appears that the defendant has also placed upon the market a stove polish of similar qualities with a red label, but bearing the same directions and statement of qualifications, but that the cans with the red label are sold to hardware stores, who thus distinguish from the product carried by groceries. But this does not show that the general use of a blue label is open to the public, or that the grocery store trade and custom has established the right in all individuals who may wish to use a blue label for stove polish.

The defendant shows other products on the market, which may or may not be the subject of action by the plaintiff; but neither his answer nor his affidavits present any defense which would give him the right to use the blue label design "Stove Lacquer" in the form complained of.

The plaintiff alleges a registration of his label under the law relating to copyright. Whether it is a legally registered trade-mark may appear upon the trial, and, if so, the defendant's label plainly infringes. But it is unnecessary to consider this, as in the other branch of the case temporary injunction should issue.